**UNITED STATES of America**

v.

**Stephen SEMPLE, a.k.a. Sunrise S. Harmony, Defendant.**

Crim. No. 87–0466–LFO.

United States District Court, District of Columbia.

Dec. 8, 1988.

Order on Sentencing March 1, 1989.

Sunrise S. Harmony, Washington, D.C., pro se.

John Finnegan, Asst. U.S. Atty., Washington, D.C., for U.S.

### ORDER

OBERDORFER, District Judge.

On November 17, 1987, United States Magistrate Arthur Burnett found defendant guilty of camping in Lafayette Park in violation of 36 C.F.R. § 7.96(i)(1) and sentenced him to incarceration for thirty days. After a hearing on December 22, 1987, this Court affirmed defendant's conviction, but on January 21, 1988, imposition of sentence was suspended, and defendant was placed on probation for a period of two years. Also on January 21, 1988, defendant filed a notice of appeal to the Court of Appeals for this Circuit. On February 11, 1988, defendant was ordered to comply with certain special conditions of probation, and on June 8, 1988, those conditions were modified. On July 6, 1988, at this Court's request, the Court of Appeals remanded defendant's appeal of his conviction to this Court for specific findings and conclusions in respect of the decision to affirm Magistrate Burnett's decision of November 17, 1987.

At the November 17, 1987 hearing, the arresting officer testified that on March 29, 1987, defendant was "lying down at his demonstration site [in Lafayette Park] on and under several blankets." Transcript of Hearing Before United States Magistrate Burnett, *United States v. Semple*, Crim. No. 87–0466 (D.D.C. November 17, 1987) at 57. Furthermore, as defendant testified in his own behalf, after waiving his privilege against self-incrimination:

> So, if I am to be in the park 24 hours a day to guard my signs, or keep my signs in the park for the reason of communication, since I am a human being I must fall asleep, or I must sleep I suppose a certain time....
>
> In order for me to keep my signs in the park I must be there 24 hours a day....

*Id.* at 87. Furthermore, on cross-examination, defendant conceded that, with "rare" exceptions, he remains in Lafayette Park almost 24 hours a day. The only specific instances he could cite for which he would leave the park were to "go to the bathroom, get a cup of coffee once in a while, [and] sometimes spend time walking around." *Id.* at 89. Defendant did not testify that he spent any time out of Lafayette Park sleeping. For the reasons stated in the attached Memorandum filed in a subsequent criminal case involving defendant, this testimony and reasonable inferences therefrom establish beyond a reasonable doubt that at the time of defendant's arrest it was his practice to "sleep overnight" in Lafayette Park and not else-

where. As the Supreme Court has held, overnight sleeping in Lafayette Park without a valid permit violates 36 C.F.R. § 7.96(i)(1). *See Clark v. Community for Creative Non–Violence*, 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984).

Accordingly, it is this 8th day of December, 1988, hereby

ORDERED: that defendant's conviction for violating 36 C.F.R. § 7.96(i)(1) should be, and is hereby, affirmed, and the special conditions of probation established for that conviction on June 8, 1988, should not be modified; and it is further

ORDERED: that the record in this matter shall be returned to the Court of Appeals forthwith.

## ORDER ON SENTENCING

Defendant came before the Court for sentencing in *United States v. Semple*, Crim. No. 88–235–LFO (D.D.C.), on February 17, 1989. For the reasons stated from the Bench on that day, it is this 28th day of February, 1989, hereby

ORDERED: that the conditions of defendant's probation, as stated in the Order of February 11, 1988, and as modified by the Order of June 8, 1988, should be, and are hereby, further modified to add the following conditions:

1) Defendant shall refrain from sleeping in Lafayette Park; and

2) Defendant shall not permit articles (irrespective of who may own or control them), other than those specifically authorized by defendant's conditions of probation, to be placed or to remain within twenty feet of any of the articles so authorized for defendant's possession in Lafayette Park.

Thus, from February 17, 1989, forward, defendant's conditions of probation are as follows:

1. While in Lafayette Park, defendant may have in his possession only the following items of personal property, in addition to literature used in the course of his First Amendment activity: one raincoat, one umbrella, one coat, other clothing necessary for one person during one twenty-four hour period, a camera, a tape recorder, two blankets, one thermos, toilet articles, a supply of food no greater than that required for one person during one twenty-four hour period, and an amount of plastic necessary to cover these articles in inclement weather. *See* Letter from Richard G. Robbins, Assistant Solicitor, National Capitol Parks, to Concepcion Picciotto (May 8, 1986) (Exhibit 1 to Defendant's Motion to Reduce Sentence, filed May 10, 1988).

2. While in Lafayette Park, defendant shall not have in his possession a sleeping bag, tarpaulin, duffel bag, or any other item suitable for the storage of clothing or other personal belongings.

3. Defendant shall not permit articles (irrespective of who may own or control them), other than those specifically authorized by defendant's conditions of probation, to be placed or to remain within twenty feet of any of the articles so authorized for defendant's possession in Lafayette Park.

4. Defendant shall conform to the representations made by him in his demonstration permit application, completed December 21, 1987. Specifically, defendant shall "leave the Park area to wash, launder [his] clothes, prepare food, store personal property, and perform all ... biological bodily functions."

5. Defendant shall refrain from sleeping in Lafayette Park.

6. Defendant shall remove himself from Lafayette Park for at least thirty-five (35) hours, not necessarily to run consecutively, during every seven-day period.